J-A23042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BENSALEM RACING ASSOCIATION, INC. AND KEYSTONE TURF CLUB, INC., | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : | |
| | : : | No. 530 EDA 2017 |
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY | : : | |

Appeal from the Order Entered January 24, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  February Term, 2016 No. 04858

BEFORE:  PANELLA, J., DUBOW, J., and RANSOM, J.

MEMORANDUM BY DUBOW, J.:               **FILED NOVEMBER 30, 2017**

Appellants, Bensalem Racing Association, Inc. and Keystone Turf Club, Inc. (collectively, "Parx"), appeal from the January 24, 2017 Order entered in the Philadelphia County Court of Common Pleas granting summary judgment in favor of Appellee, ACE Property and Casualty Insurance Company ("ACE"), as to Parx's Breach of Contract claim, and dismissing Parx's Bad Faith claim. After careful review, we vacate and remand with instructions.

### The Underlying Action ("*Calderon* Action")

In 2012, the widow of a jockey who sustained fatal injuries while working at Parx Racetrack filed a Wrongful Death and Survival Action against

Parx (the "***Calderon*** Action")[1]  The action included  a negligence claim against Parx based on theories of direct liability and vicarious liability, and sought punitive damages.[2]  The plaintiff did not name any Parx employees individually as defendants in that action.

ACE insured Parx under an April 12, 2010 commercial umbrella liability policy with a limit of $25,000,000.00 for each occurrence and in the aggregate.   The policy did not contain a written exclusion for punitive damages.

ACE provided counsel to represent Parx.   At trial, on April 2, 2014, counsel for the parties informed the court that they agreed that a finding against Parx on the verdict sheet is a finding as to all defendants in that action and that the "actions and conduct or failures to act on behalf of any of the defendants' agents or employees is attributed to" Parx (the "Stipulation"). ***Calderon*** N.T., 4/2/14, at 4.

---

[1] ***See Calderon v. Bensalem Racing Association, Inc., et al.***, Case No. 120502939, Philadelphia County Court of Common Pleas.

[2] ***See***, ***e.g.***, ***Calderon*** Second Amended Complaint, 3/14/14, at ¶¶ 7, 10, 13, 16, 19, 24, 34, 36 ("All defendants herein are ***vicariously liable*** to plaintiff for injuries sustained as a result of the negligence of persons or entities whose conduct was under their control or right to control and which conduct directly and proximately caused plaintiff's injuries.") (emphasis added), and 83.  ***See also*** Trial Ct. Op., 3/27/17, at 7 (noting, "in the underlying case[,] vicarious liability was not the ***sole*** negligence theory against Parx.") (emphasis added).

At trial, the plaintiff presented evidence that Parx was both directly liable as owner of the property and vicariously liable for the acts or omissions of its employees, and the trial court instructed the jury accordingly.[3]

On April 9, 2014, the jury returned a verdict in favor of the plaintiff, awarding her compensatory damages and $5,000,000.00 in punitive damages.[4] Parx filed Post-Trial Motions, which the trial court denied. Parx then filed an appeal to this Court.

While the appeal was pending, Parx entered into a settlement agreement with the *Calderon* plaintiff. Parx agreed to pay the compensatory and delay damages award immediately, and the parties agreed to reduce the punitive damages award to $2,647,490.00. ACE, on behalf of Parx, paid the compensatory and delay damages portion of the settlement.

ACE, however, declined to pay the plaintiff for the punitive damages award, so Parx paid the punitive damages award directly to the plaintiff.

**The Instant Action**

On March 3, 2016, Parx filed the instant action against ACE asserting Breach of Contract and Bad Faith for failing to indemnify ACE for the punitive

---

[3] *See Calderon* Jury Instructions, N.T., 4/8/14 P.M. Session, at 20-21, 24-25, 45

[4] Compensatory and delay damages totaled $7,764,429.00.

damages component of the settlement it had paid directly to the **Calderon** plaintiff.

On April 22, 2016, ACE filed an Answer and New Matter to the Complaint.[5] On June 3, 2016, Parx filed a Motion for Summary Judgment. On July 28, 2016, ACE filed a Response and Cross-Motion for Summary Judgment.[6]

On January 23, 2017, the trial court granted ACE's Motion for Summary Judgment. The trial court, relying on this Court's holding in **Esmond v. Liscio**, 224 A.2d 793 (Pa. Super. 1966), concluded that, as a matter of public policy, ACE is not responsible for indemnifying PARX for its payment of the punitive damages award. Parx timely appealed.[7]

Parx raises the following three issues for review:

1. Did the Court of Common Pleas err by placing the burden on Parx Racing—the insured—to establish that the punitive damages award in the underlying action was based solely on vicarious liability and disregarding this Court's holding in **Butterfield**[ **v. Giuntoli**, 670 A.2d 646 (Pa. Super. 1995)] that an insurer seeking to preclude coverage for punitive damages based on public policy grounds has "the burden to

_____

[5] ACE also filed a Motion to Stay and Sever the Bad Faith Claim, which Parx did not oppose. The trial court granted the Motion on July 18, 2016.

[6] On October 12, 2016, ACE filed an additional Motion for Summary Judgment reiterating the grounds for relief set forth in its earlier Cross-Motion for Summary Judgment. Because the issues raised in this Motion were identical to those raised in ACE's Cross-Motion, the trial court entered one Order which disposed of both Motions for Summary Judgment.

[7] The trial court did not order Parx to file a Pa.R.A.P. 1925(b) Statement.

show that the jury assessed the punitive damages solely on the basis of direct liability[?]"

2. Did the Court of Common Pleas err when it improperly weighed the evidence in the underlying wrongful death action and interjected its own judgment as to why the jury in that action awarded punitive damages when the jury's actual basis for awarding punitive damages is impossible to know and, based on the evidence presented, the closing arguments, and jury instructions in the underlying action, the punitive damages award could have been based on vicarious liability[?]

3. Can [ACE] meet its burden to prove the punitive damages award as excluded from coverage and meet its burden to show that the jury in the underlying action assessed punitive damages based solely on direct liability given that [ACE] failed to follow the instruction in **Butterfield** and submit specific interrogatories to the **Calderon** jury in the underlying action?

Parx's Brief at 5-6.

Our standard of review on an appeal from the grant of a motion for summary judgment is well settled. "A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion." **Krauss v. Trane U.S. Inc.**, 104 A.3d 556, 562-63 (Pa. Super. 2014) (citations omitted). "As with all questions of law, our review is plenary." **Id.** at 563.

We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [its] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has

- 5 -

failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury.

*H & R Block Tax Servs., Inc. v. Zarilla*, 69 A.3d 246, 248 (Pa. Super. 2013) (citations omitted).

Juries award punitive damages to punish a tortfeasor's outrageous conduct and to deter future outrageous conduct. *Butterfield*, 670 A.2d at 654. Consequently, it is well-settled in Pennsylvania that a claim for punitive damages against a tortfeasor who is **directly liable** for outrageous and wanton misconduct is excluded from insurance coverage as a matter of law. *See*, *e.g.*, *Esmond*, 224 A.2d at 799 ("[P]ublic policy does not permit a tortfeasor . . . to shift the burden of punitive damages to his insurer.").

However, it is not against public policy to allow "one who is only **vicariously liable** for punitive damages to shift the burden of satisfying the judgment to his insurer." *Id.* at 800 (emphasis added). *See also Butterfield*, 670 A.2d at 655.

Pennsylvania public policy, therefore, distinguishes between outrageous acts committed by corporate management directly and those committed by a corporate agent or employee and for which the corporate entity is vicariously liable. *Butterfield*, 670 A.2d at 655.

In *Esmond*, this Court considered whether an automobile insurance company was responsible for the punitive damages portion of an award to an

injured pedestrian. In that case, the owner of the insured vehicle gave permission to a family friend to operate the vehicle. While operating the vehicle, the friend struck and injured the pedestrian. Immediately following the accident, the owner's son, who was a passenger in the vehicle, intentionally opened his car door into the pedestrian, causing him further injury. This Court concluded that because the vehicle operator had permission to operate the vehicle, his insurance company was liable for the compensatory damages owed to an injured pedestrian. However, the insurer was not liable for the punitive damages awarded because they arose from an intentional assault by the owner's son on the pedestrian. *Esmond*, 224 A.2d at 799.

Almost thirty years later, in **Butterfield**, this Court again took up the issue of the insurability of punitive damages, but in the context of corporate vicarious liability. In **Butterfield**, this Court considered whether punitive damages based on a theory of vicarious liability in a medical malpractice action are insurable as a matter of law. The **Butterfield** Court held that, in order to establish a coverage obligation, first "the insured must show that the policy covers its claim[.]" **Butterfield**, 670 A.2d 651. Then, "the burden shifts to the insurer to establish an exclusion[]" on the basis of public policy. *Id.* at 651-52. Thus, the **Butterfield** Court clarified: where the insured can show that its policy covers the claim, the insurer then bears the burden of establishing that the jury awarded punitive damages solely on the basis of direct liability. *Id.* at 651-52, 657. If the insurer is unable to prove the basis for the jury's imposition of punitive damages, whether it be the insured's direct

or vicarious liability, or both, the insurer cannot sustain its burden as a matter of law. **Butterfield**, 670 A.2d at 657.

Parx avers that the trial court erred in ignoring the precedent set in **Butterfield**, and in instead relying on **Esmond** and requiring Parx to carry the burden of proof. Parx's Brief at 37-38.

Parx further argues that the trial court erred when it "guess[ed] at the basis for the jury's award of punitive damages." **Id.** at 38. Parx asserts that the evidence—including the language in the **Calderon** Complaint, the Stipulation between the parties, the court's instructions to the jury, the evidence at trial, and counsel's closing arguments in the **Calderon** trial— indicated that the jury could have based its punitive damages award on Parx's vicarious liability.[8] **Id.** at 38-44. Parx notes that, rather than consider all of

---

[8] Parx also directs this Court's attention to discussions that occurred regarding jury instructions between the court and counsel in the **Calderon** trial outside the presence of the jury. Parx's Brief at 39. When discussing the points for charging the jury, the court noted the parties' stipulation, explaining that it thought that "we kind of agreed at the beginning we are not going to divide things up into corporate responsibility . . . as opposed to actual negligence of one of the servants of the corporation. I thought we were basically going to say that when we are talking about liability on behalf of Parx, it's for any one of its officers and employees." **Calderon** N.T., 4/7/14 P.M. Session, at 68-69. Additionally, counsel for the **Calderon** plaintiff argued that the court should instruct the jury on punitive damages for the acts of Parx employees because "everything they were doing was in their capacity as an employee of Parx and in furtherance of their scope of employment for Parx." **Calderon** N.T., 4/8/14, at 14-15. The court responded to this argument by indicating, "[t]hat's going to be clear. That will be clear." **Id.** at 15. Although, these statements are not evidence of the basis for the jury's punitive damages award, they demonstrate that the issue of vicarious liability had been discussed and formed a portion of the jury instructions.

the trial testimony and the entire **Calderon** record, the trial court confined its analysis to the **Calderon** court's post-verdict Opinion denying Parx's Post-Trial Motion on the issue of punitive damages. **Id.** at 46-47.

Last, Parx argues that, had the trial court applied **Butterfield**, the evidence would have demonstrated that Appellee was incapable as a matter of law of proving that the punitive damages award had been based solely on direct liability. Parx notes, *inter alia*, that the **Calderon** jury did not answer specific interrogatories or otherwise indicate the basis for its award. **Id.** at 44-46.

In the instant case, we must first determine which party had the burden of proving the basis for the jury's award of punitive damages. The parties agree that Parx's policy does not exclude coverage for punitive damages. As articulated in **Butterfield**, the burden then shifted to ACE to prove as a matter of law that public policy bars coverage for the punitive damages. In order to meet this burden, ACE had to prove that the **Calderon** jury awarded punitive damages based **solely** on Parx's direct liability. Thus, the trial court erred as a matter of law when it placed upon Parx the burden of proving "that the punitive award was based **solely** on vicarious liability as required by **Esmond** and its progeny." Trial Ct. Op. at 5 (emphasis in original).[9]

Having determined that ACE had the burden to establish that the jury's punitive damages award was based solely on Parx's direct liability, we now

---

[9] We, thus, disagree with the trial court that Parx's reliance on the precedent established in **Butterfield** is "misplaced." Trial Ct. Op. at 7.

consider whether Appellee met this burden as a matter of law. We again turn to **Butterfield** for guidance.

In considering whether the insurer in **Butterfield** had met its burden of proving that the basis of the jury's award was the insured's direct liability, the **Butterfield** Court first noted that the jury had not been given specific interrogatories. **Id.** at 655-57. The Court next reviewed the trial court's instructions to the jury, and determined that the trial court had instructed the jury on principles of both vicarious and direct negligence. **Id.** at 657. Observing that there was a distinct absence of specific evidence that, as a matter of law, the jury's verdict was based solely on the insured's direct liability, the **Butterfield** Court concluded that the insurer had failed to meet its burden of proving that the punitive damages were excluded from coverage. **Id.** Thus, we reversed the trial court's determination that the insurance company was not required to insure the punitive damages award.

As in **Butterfield**, the **Calderon** jury did not answer specific interrogatories which would have supported the trial court's determination here that the punitive damages were attributable only to Parx's direct liability. ACE, in fact, presented no evidence to support such a conclusion, and as discussed below, the nature of the underlying action and the trial court's instruction to the jury demonstrate that the trial court erred as a matter of law in finding that the plaintiff's punitive damages award was based solely on Parx's direct negligence.

Moreover, the trial court expressly found that the plaintiff in *Calderon* sought recovery based on Parx's direct **and** vicarious liability. *See* Trial Ct. Op. at 7 (noting that "vicarious liability was not the **sole** theory of negligence against Parx") (emphasis added). The evidence in the record amply supports this conclusion. *See Calderon* Second Amended Complaint, 3/14/14, at ¶ 36 (emphasis added), *Calderon* Stipulation, N.T., 4/2/14, at 4, *Calderon* Jury Instructions, N.T., 4/8/14 P.M. Session, at 20-21, 24-25, 45

Given that the trial court instructed the jury on vicarious liability concepts, and in light of (1) the nature of the *Calderon* plaintiff's cause of action against Parx; (2) the stipulation of the parties in the *Calderon* Action agreeing that Parx assumed liability for the actions or failures to act of its employees or agents; and (3) the absence of specific interrogatories, we conclude that ACE failed to meet its burden to demonstrate that the *Calderon* jury based its punitive damages award solely on Parx's direct negligence. We, thus, conclude the trial court erred as a matter of law in granting summary judgment in favor of ACE.

Moreover, based on the foregoing and our review of the record, we conclude that ACE cannot sustain its burden of proving the *Calderon* jury awarded punitive damages solely on the basis of direct liability. Accordingly, summary judgment must be entered in favor of Parx on Parx's Breach of Contract claim.

Order vacated. Case remanded for entry of judgment in favor of Parx on Parx's Breach of Contract claim and for reinstatement of, and further proceedings on, Parx's Bad Faith claim. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2017